**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Antonio Orlando Simmons, | Case No. 2:25-14043-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Ms. Dolores Peterson, *et al*., | |
| Defendants. | |

This matter, brought pro se, is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 21), recommending that the Court dismiss this action without prejudice and without issuance or service of process. The Magistrate Judge further recommended that Plaintiff's motion for a state court transcript should be denied. (*Id*. at 4).

Plaintiff was given notice that a party had 14 days from the date of the R&R to file any objection and a failure to file a timely objection would result in limited, clear error review and waiver of the right to appeal the district court's order. (*Id*. at 5). No timely objection was filed.

## I.   Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead

1

must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

The Magistrate Judge advised Plaintiff of serious deficiencies in his complaint and directed that he comply with orders of the Court concerning bringing his filing into proper form. Plaintiff filed no response to the Magistrate Judge's order. The R & R thereafter was issued, recommending the summary dismissal of the complaint. Again, Plaintiff filed no response. Under these circumstances, the Magistrate Judge correctly found that the complaint was subject to summary dismissal without prejudice and without issuance or service of process. The Magistrate Judge further correctly concluded that the Plaintiff's motions for a state court transcript (Dkt. No. 17, 23) should be denied.

### Conclusion

For the foregoing reasons, the R&R (Dkt. No. 21) is **ADOPTED** as the Order of the Court. This action is **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE OR**

**SERVICE OF PROCESS.**  Further, Plaintiff's motion for a state court transcript (Dkt. Nos. 17, 23) is **DENIED**.

    **AND IT IS SO ORDERED.**

                                          s/ Richard Mark Gergel
                                         Richard Mark Gergel
                                         United States District Judge

April 22, 2026
Charleston, South Carolina